<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1691**

_____

SURRENDRA JAI PRAKASH LALL MANGRU, a/k/a Jay Mangru,

    Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted: January 13, 2015     Decided: February 5, 2015

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Anthony Payne, Senior Litigation Counsel, Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Surrendra Jai Prakash Lall Mangru, a native of Guyana and a citizen of Canada, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying Mangru's request to terminate proceedings and denying his application for adjustment of status.

We review legal issues de novo, "affording appropriate deference to the [Board]'s interpretation of the INA [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2012). We defer to the Board's factual findings under the substantial evidence rule. Anim v. Mukasey, 535 F.3d 243, 252 (4th Cir. 2008).

Upon review, we agree with the Board that Mangru was admitted to the United States on February 17, 2006, and was properly found removable as an alien who, at the time of entry, was inadmissible under INA § 212(a)(6)(E)(i), codified at 8 U.S.C. § 1182(a)(6)(E)(i) (2012).[1] Further, substantial evidence

---

[1] In addition to the entry stamps for February 17, 2006, on Mangru's passport and Form I-94, we note that his passport indicates that he had previously departed the United States (Continued)

supports the determination that Mangru failed to qualify for a waiver of this ground of inadmissibility under INA § 212(d)(11), codified at 8 U.S.C. § 1182(d)(11) (2012).[2]

Accordingly, we uphold the agency's decision and deny the petition for review for the reasons stated by the Board. See In re: Mangru (B.I.A. June 13, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

after being granted parole pursuant to INA § 212(d)(5), codified at 8 U.S.C. § 1182(d)(5) (2012). Pursuant to 8 C.F.R. § 212.5(e)(1) (2014), "[p]arole shall be automatically terminated without written notice . . . upon the departure from the United States of the alien."

[2] Section 212(h), codified at 8 U.S.C. § 1182(h) (2012), does not serve to waive this ground of inadmissibility and thus Mangru's claims that he qualifies for an INA § 212(h) waiver are misplaced.

3